

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

October 10, 1949

Hon. M. P. Kieke
County Attorney
Lee County
Giddings, Texas

Opinion No. V-928.

Re: Taxation of territory
formerly comprising
common school district,
annexed after January
1, during the year of
annexation and relat-
ed questions.

Dear Sir:

We refer to your letter submitting the follow-
ing questions:

"1. When a Common School District is
annexed to an Independent School District
after January 1st, can the territory for-
merly comprising the Common School District
be taxed by the Independent District the
same year that it was annexed?

"2. In the above situation who makes
the Levy?

"3. Is it the duty of the County Tax
Collector to assess and collect the taxes
for the Independent District?

"4. If the Independent School Dis-
trict desires to have the County Tax Col-
lector make the assessments and collections
are such fees accountable on the Collec-
tor's maximum fees retainable?

"5. If the County Tax Collector is to
make the collection, on whose and what au-
thority does he make the collection and
must he make additional Bond?

"6. May the Independent School Dis-
trict have the City collect in its terri-
tory and the County in the rest of the
territory?"

For purposes of this opinion, we are assuming that the questions submitted concern an independent district properly enlarged by annexation of a common district or districts thereto under the provisions of Article 2922a, as amended, or under the provisions of Articles 2922c and 2922a. Live Oak County Board v. North C.S.D., 195 S.W.2d 436 (1946), aff'd. in North C.S.D. v. Live Oak County Board, 145 Tex. 251, 199 S.W. 2d 764 (1946); County Board of School Trustees v. Gray, 142 S.W.2d 697 (Tex.Civ.App.1940, error ref.); Live Oak County Board v. Whitsett C.S.D., 181 S.W.2d 846 (Tex.Civ. App.1944, error ref.).

Since Article 2922b provides also that an independent district enlarged by annexations under Article 2922a "shall continue to operate as an independent school district under . . . the laws . . . enacted governing other independent districts" and the validation acts concerning independent districts enlarged by annexations under Articles 2922c and 2922a contain similar provisions, we are thereby referred to Articles 2784e and 2790, as amended, which are tax laws governing such districts.

Section 1 of Article 2784e provides in part:

"The Commissioners' Court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only, and trustees of rural high school districts and the trustees of all other school districts shall have the power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized. . ." (Emphasis added).

Section 1 of Article 2790 provides in part:

"If an independent school district votes a maintenance tax, the board of trustees shall thereafter annually levy and cause to be assessed and collected upon the taxable property in the limits of the district for the maintenance of the public free schools of the said district such ad valorem tax as the qualified voters of such district authorized at the election held for that purpose; . . ."

Attorney General Opinion No.O-585 holds that

the tax levy in an independent school district is made
by the board of trustees of the district.  To the same
effect are Attorney General Opinions No 0-2623, com-
menting on the provisions of Articles 2784e and 2790,
and No. V-375.

Opinion No. 0-6852 refers to Cadena v. State,
185 S.W.367 (Tex.Civ.App.1916,  error ref.), in which
Judge Fly stated:

"All property owned on the first day
of January is subject to any tax authoriz-
ed by law, whether such taxes have been
authorized theretofore or may be authoriz-
ed during the year, and can be levied by
the body given the power to levy at any
time during the year. Laws naming the time
for the levy of taxes are merely directory,
and legal taxes can be levied whenever the
necessity arises."

In connection with this announced principle of
law we cite the following cases in further support there-
of: Bigfoot I.S.D. v. Genard, 116 S.W.2d 804 (1938), af-
firmed memo opinion in 133 Tex.368, 129 S.W.2d 1213 (1939);
Pyote I.S.D. v. Dyer, 34 S.W.2d 578 (Comm.App.1931); York-
town I.S.D. v. Afflerbach, 12 S W.2d 130 (Comm.App.1929);
Blewitt v. Megargel County Line I.S.D., 285 S.W.271 (Comm.
App.1926); McPhail v. Tax Collector of Van Zandt County,
280 S.W.260 (Tex.Civ.App.1926, error ref.); 37 Tex.Jur.
1013, Schools, Sec.132; 40 Tex.Jur.128-129, Taxation, Sec.
90; A.G.Opinions Nos. 0-1632, 0-4780, 0-4934, 0-6941.

In accordance with the statutes and the author-
ities cited herein, an independent school district en-
larged by annexation thereto of a common school district
after January 1st, may tax the territory comprising the
former common district in the same year that it was an-
nexed. We assume in answering this question that the tax
has been properly voted by the district as enlarged. The
Board of trustees of the enlarged independent district is
the body authorized to make its school tax levy. Taxpay-
ers within the annexed common school district would re-
ceive credit for any taxes paid prior to the annexation.
Pyote I.S.D. v. Dyer, supra.

In Attorney General Opinions Nos. 0-5990 and
0-5426, it was held that an independent school district,
subject to the provisions of Articles 2791 and 2792

(general laws applicable to independent districts) may adopt either of two plans authorized therein for the assessment and collection of its taxes. It may appoint its own assessor-collector, or it may have the taxes assessed and collected by the county assessor-collector, or collected only by the county tax assessor-collector, but if assessed and collected by the county assessor-collector the valuation of property must be the same as for State and county purposes.

Attorney General Opinion No. 0-4563 holds that when a majority of the board of trustees in an independent school district prefers to have the taxes in their district assessed and collected by the county assessor-collector, or collected only by the county assessor-collector, they shall be assessed and collected, or collected, as the case may be, by said county officer and turned over to the treasurer of the independent district for which such taxes have been collected.

Fees or commissions received by a county tax assessor-collector for assessing and collecting school taxes for an independent school district are required to be accounted for to the county under the fee bill. Articles 3833, 3891, V.C.S., as amended; Nichols v. Galveston County, 111 Tex.50, 228 S.W.547 (1921); Taylor v. Brewster County, 144 S.W.2d 314 (Tex.Civ.App.1940, dism. Judgm.cor.); A.G.Opinions Nos. 0-194, 0-6344. Former Attorney General Opinion No. 0-2967 holds that the general county bond required under Article 7249, V C.S., secures the payment of all taxes collected by the county tax assessor-collector to the proper parties; that the board of trustees of an independent school district is not authorized by law to require a separate bond where the county tax assessor-collector acts in such capacity for the independent district.

With respect to your last question, we are apprised of no law which would authorize an independent school district to have the taxes on that portion of the district lying within a city collected by the city tax assessor-collector, and to have the taxes of that portion of the district lying without the confines of a city collected by the county tax assessor-collector. Many court decisions and opinions of the Attorney General's Department construing the provisions of Arts. 1042b, 2791, 2792, and 1066b have been written. These concern the authority of (1) an independent school district tax assessor-collector, (2) a county tax assessor-

collector, or (3) a city tax assessor-collector to col-
lect all the taxes for an independent school district.
Authorities are cited in A.G.Opinions Nos. 0-2152, 0-
2687, 0-3200, 0-4563, 0-5426, 0-5990, 0-6344, 0-6949,
0-7008, 0-7035, 0-7097, and V-41.

      With respect to the reference in your brief
that county-line independent school district taxes may
be collected, where the district board so elects, by the
respective county tax assessor-collectors of the coun-
ties in which the school district is situated, Attorney
General Opinions Nos. 0-1407 and 0-2785 hold that it can-
not be made the duty of the tax collector of A county to
collect taxes on property located in B county, the terri-
tory of the independent district located in B county be-
ing beyond the boundary of his own county. Art. 2744, V.
C.S.

## SUMMARY

      An independent school district, pro-
perly enlarged by the annexation of a com-
mon school district thereto under Article
2922a, or under Articles 2922c and 2922a,
may tax the territory annexed to it in the
same year in which it was annexed, provid-
ed the tax is properly voted by the tax-
payers of the district as enlarged.

      The board of trustees of the enlarg-
ed district has authority to make the tax
levy.  Arts. 2784e, 2790, 2922L, V.C.S.

      Under Articles 2791 and 2792, the
board of trustees of the enlarged dis-
trict may make it the duty of the Coun-
ty Tax Assessor-Collector to assess and
collect, or to collect only, its taxes.
A.G. Opinions Nos. 0-4563, 0-5990, 0-5426.

      Fees or commissions received by the
County Tax Assessor-Collector for assess-
ing and collecting school taxes for the
enlarged district are required to be ac-
counted for to the county under the fee
bill.  Arts. 3883, 3891, V.C.S.; Nichols
v. Galveston County, 111 Tex. 50, 228 S.W.
547; Taylor v. Brewster County, 144 S.W.

2d 314; A.G. Opinions Nos. 0-194, 0-6344.

The general county bond required under Article 7249, V.C.S., secures the payment of all taxes collected by the County Tax Assessor-Collector to the proper parties.  A.G. Opinion No. 0-2967.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

OEO:mw

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL